**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.H.R.G.,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>　　　　　　Respondents. | Case No. 1:26-cv-01389-JLT-EPG<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS ON THE PROPOSED ALTERNATE GROUNDS[1]<br><br>(Docs. 1, 2.) |

## I.   INTRODUCTION

Before the Court for decision is J.H.R.G.'s request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed their response to the TRO and the underlying petition asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 10.) Thus, the Court **GRANTS** the petition for writ of habeas corpus on the proposed alternate grounds.

## II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 10 at 2.) Because the Court decides the petition here, the motion for temporary restraining order (Doc. 2) is **MOOT**.

1  power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or
2  laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens
3  in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.*
4  *R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.  FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a 21-year-old from Honduras. He entered the United States on or about June 6, 2021, at which time he was apprehended by federal immigration officials near Arizona. (Doc. 1 at 11.) He was detained for three days at the border and then transferred to a shelter for approximately one week before being released to his mother, who was living in the United States at the time. (*Id*.) He was not provided further instructions upon release and was not ordered to enroll in ISAP reporting. (*Id*.)

Petitioner has no criminal record except for the events of January 26, 2026, when he was arrested in San Francisco by the Drug Enforcement Administration for narcotic-related offenses. (*Id*.) Although the United States Attorney's Office declined to prosecute Petitioner, that same day he was Detained by ICE and transferred to the Golden State Annex Detention Facility in McFarland, California. (*Id*.)

The government opposes the petition and issuance of preliminary injunctive relief and maintains that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 10.) In taking this position, they cite two non-binding opinions but make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *Id.*; *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025) See e.g., *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL

145889 (E.D. Cal. Jan. 20, 2026).

On the other hand, the fact that Petitioner was not arrested in January 2026 suggests that the proper response to the petition is to require a bond hearing. Thus, for the reasons set forth, the Court **ORDERS:**

1. The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above;

2. Respondents are **ORDERED** to provide Petitioner a substantive bond hearing **no later than March 25, 2026.** At the hearing, Petitioner SHALL be allowed to be represented by counsel, and the government SHALL bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or that he poses a danger to the community if he is released.

3. The Clerk of Court is directed to close this case and enter judgment for Petitioner

IT IS SO ORDERED.

Dated:    **March 4, 2026**                                    _____
                                                                                UNITED STATES DISTRICT JUDGE