**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.H.R.G., | Case No. 1:26-cv-01389-JLT-EPG |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO ENFORCE |
| v. | |
| TONYA ANDREWS, et al., | (Doc. 15) |
| Respondents. | |

I.      **INTRODUCTION**

Before this Court is a motion by J.H.R.G. to enforce this Court's March 4, 2026, order requiring Respondents to provide Petitioner with a substantive bond hearing. (Doc. 12.) Respondents did not file a response in opposition to the motion. For the reasons set forth below, the Court **DENIES** the motion.

II.      **FACTUAL AND PROCEDURAL BACKGROUND**

This Court has summarized the factual and procedural history behind this action in a previous order and incorporates that by reference here. (See Doc. 12.) On March 4, 2026, this Court issued a judgment granting Petitioner's petition for writ of habeas corpus and denying his request for a temporary restraining order as moot. (*Id*.) In granting the petition, the Court ordered Respondents to provide Petitioner with an individual bond hearing at which the Government bears the burden of proof by clear and convincing evidence to show that Petitioner's detention is

1

warranted.[1] (*Id*. at 3.)

On March 10, 2026, Petitioner was given a bond hearing before Immigration Judge Katie G. Mullins who determined that Petitioner's continued detention was justified based on Petitioner's criminal history, including additional arrest history that was not provided to the Court at the time of the initial habeas petition.[2] (*See* FBI "RAP" Sheet, Doc. 15-1 at 13-26.) During the bond hearing, additional details surrounding Petitioner's January 26, 2026 arrest by the Drug Enforcement Administration for narcotic-related offenses were also discussed, including the fact that, at the time of the arrest, Petitioner was found in possession of 219 grams of Methamphetamine, 41.4 grams of cocaine base, 240.5 grams of fentanyl, 59.7 grams of marijuana, a scale, and $1,417.00 in cash.[3] (Doc. 15-1 at 12.) Respondents also presented evidence of flight risk, including the lack of a permanent residence and Petitioner's history of high school truancy. (Doc. 15 at 3.)

On March 20, 2026, Petitioner filed a motion to enforce, arguing that his continued detention without an adequate bond hearing violates this Court's prior habeas corpus order and, necessarily, his Fifth Amendment due process rights. (*See generally,* Doc. 15.) Specifically, Petitioner contends that the bond hearing was "in essence a sham" that improperly found Petitioner to be a danger to the community based on a narcotics arrest that resulted in no criminal charges. (*Id*. at 5.) Petitioner seeks an order granting his immediate release. (*Id*. at 6.)

---

[1] The relevant part of this Court's March 4, 2026, order reads as follows:

> Respondents are **ORDERED** to provide Petitioner a substantive bond hearing **no later than March 25, 2026**. At the hearing, Petitioner SHALL be allowed to be represented by counsel, and the government SHALL bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or that he poses a danger to the community if he is released.

(Doc. 12 at 3.)

[2] Petitioner has a history of drug related arrests, including a July 2023 arrest for felony possession or purchase of certain controlled substances for sale in violation of California Health and Safety Code § 11351 and a January 2025 arrest for felony sale or transportation of controlled substances in violation of California Health and Safety Code § 11352(A). (Doc. 15-1 at 23-24.)

[3] Petitioner maintains that he was not involved in drug trafficking, and instead accidently grabbed a similar backpack of his by mistake that contained the alleged illegal contraband. (Doc. 15 at 4.) Furthermore, Petitioner points to the fact that the United States Attorney's Office declined to prosecute Petitioner at the time of the arrest as evidence of his innocence in the matter. (*Id*.)

2

### III.    LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

### IV.    ANALYSIS[4]

Petitioner argues that (1) the IJ erred in finding that Respondents proved by clear and convincing evidence that Petitioner was a danger and a flight risk and (2) the IJ failed to act as a neutral and impartial arbitrator. (Doc. 15 at 3.) In support, Petitioner cites to (1) the IJ's

---

[4] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at *3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.

commentary at the outset of the bond hearing where she voiced her disagreement with the application of the "clear and convincing" burden of proof but nevertheless stated she would comply with this Court's order, and (2) the fact that the IJ  found Petitioner to be a danger to the community based on a narcotics arrest that resulted in no criminal charges (*Id*.) Having carefully considered and reviewed Petitioner's submissions, the IJ's written order, and the digital audio recording of the March 10, 2026, bond hearing, the Court finds that that Petitioner has not demonstrated that the IJ failed to comply with its prior habeas order or otherwise abused her discretion.

The Ninth Circuit has explained that if an immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss." *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (cleaned up); *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). Furthermore, this Court has previously found that absent additional indications of abuse of discretion, the mere presence of boilerplate language disagreeing with a district court's application of legal principles is not singularly determinative as to whether the IJ failed to apply the correct standard as mandated by prior district court order or failed to act as a neutral arbitrator. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *7 (E.D. Cal. Jan. 29, 2026) (declining to infer noncompliance on the part of an IJ where there appears to be a good faith effort to comply with this Court's mandate). To be clear, this does not relieve the government of its obligation to meet the clear and convincing burden, nor does it permit IJs to rely on talismanic language in lieu of proper analysis.

Here, the IJ's diatribe concerning the legal grounds for the application of the clear and convincing standard at the bond hearing does not nullify the fact that she "expressly cited and applied the relevant case law in rendering its decision." In her written decision denying bond, the IJ explicitly stated, "[g]iven the District Court's TRO, this Court does hereby require the Department in the present bond proceeding to show, by clear and convincing evidence, that Respondent is either a danger or a flight risk." (Doc. 15-4 at 3.)  Furthermore, Petitioner has not demonstrated that any aspect of the IJ's analysis or conduct was so "amiss" as to render such

4

language talismanic. *Martinez*, 124 F.4th at 785

As to the IJ's dangerousness assessment, that is not a question for this Court. Under BIA case law, immigration judges may properly "consider not only the nature of a criminal offense but also the specific circumstances surrounding [Respondent's] conduct," *Matter of Siniauskas*, 27 I&N Dec. 207, 208-09 (BIA 2018), as well as "any unfavorable evidence of [his] conduct, including arrests that did not ultimately result in conviction." *Matter of Urena*, 25 I&N Dec. 140, 140 (BIA 2009). Complaints about application of BIA case law to Petitioner and the ultimate the conclusion the IJ reached must be presented through the normal immigration appeal process.

## V.   CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to enforce the Court's earlier order (Doc. 15.) is **DENIED**. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated:   **May 22, 2026**

_____
UNITED STATES DISTRICT JUDGE